# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA DUENAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE HOLDINGS, INC., et al., <br><br> Defendants. | Case No.: 16-CV-2824 W (RBB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 6]** |

Pending before the Court is Defendant Antoine Cannon's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Def.'s Mot.* [Doc. 6-1].) Despite the lapsing of the February 20, 2017 hearing date of the motion, Plaintiffs have neither opposed the motion neither filed a request for an extension of time to do so. The Court decides the matter without oral argument and on the papers submitted pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Defendant's motion.

//
//
//
//
//

## I. BACKGROUND

Plaintiffs Celia Duenas, Luis Herrera, and Oscar Altimirano filed this action on November 16, 2016, alleging that their real property was wrongfully foreclosed. (*Compl.* [Doc. 1].) The Complaint asserts a number of state and federal causes of action against the successor to the original lender, the servicers of their mortgage loan, and the subsequent purchaser and ostensible owner of their property, Mr. Antoine Cannon. (*Id.*; *Grant Deed* [Doc. 1-2, Exh. A].)

Mr. Cannon, a Defendant in the action, now moves to dismiss each cause of action against him. (*Def.'s Mot.* [Doc. 6-1].) As noted, Plaintiffs do not oppose the motion.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Failure to Oppose a Pending Motion

Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by [Local Rule 7.1(e)(2)], that failure may constitute a consent to the granting of that motion or other ruling by the court." A district court may properly grant a motion to dismiss for failure to respond. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

### C. Leave to Amend

"The [C]ourt should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court applies this policy with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted). However, leave to amend is not to be granted automatically. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); see also Foman v. Davis, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing the factors above. See DCD Programs, 833 F.2d at 187. Of these factors, prejudice to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.

3

2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. See id.

### III. DISCUSSION

#### A. Plaintiffs Consent to the Dismissal of All Causes of Action against Defendant Cannon.

Based on the hearing date of February 20, Plaintiffs' opposition to the motion to dismiss [Doc. 6] was due on February 6, 2017. See Civ. L.R. 7.1(e)(2). Plaintiffs did not oppose the motion. There is no evidence before the Court that Defendant's moving papers failed to reach Plaintiffs' attorney at the address designated in Defendant's Certificate of Service [Doc. 6-1], or that Plaintiffs were not aware of the pending motion. There has been no request for additional time to respond. Plaintiffs' failure to oppose constitutes consent to the granting of the motion. See Civ. L.R. 7.1(f)(3)(c).

As all parties consent to the granting of Defendant's motion, the motion will be granted. See Civ. L.R. 7.1(f)(3)(c); Ghazali, 46 F.3d at 53.

#### B. Leave to Amend
##### 1. Pleading Ambiguity

As a preliminary matter, there is a common theme appearing throughout the Complaint that merits addressing. Plaintiffs consistently equivocate as to against whom each cause of action is being asserted. This forces Defendant Cannon to address each and every cause of action, though it is far from clear as to whether each is actually asserted against him.

The Complaint equates the terms "successors in interest" and "servicers" and then uses those two terms interchangeably to refer to defendants in the headings of each cause

of action.[1] (*See, e.g., Compl.* [Doc. 1] 7:5–6 (equating successors in interest and servicers).) This causes confusion.

For instance, Defendant's motion interprets Plaintiffs' second cause of action, for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., as being asserted against him because of the insertion of the word "successors" in its heading. (*See Def.'s Mot.* [Doc. 6-1] 9:18–11:7.) The cause of action itself does not mention Cannon, and its text repeatedly uses the word "Defendant," in the singular— apparently referring to Bank of America, N.A. (*Compl.* [Doc. 1] ¶¶ 35–41.) This theme continues, as Cannon interprets the third, fourth, sixth, and seventh causes of action in the same way. In short, Plaintiffs leave it confusing as to who must defend against what. This violates Rule 8. See Fed. R. Civ. P. 8. ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.")

Any amendment to the Complaint must clearly state against which defendants each cause of action is asserted. It may not rely on amorphous categories such as "servicers" or "successors."

### 2. Amendment

No factors are apparent that would countenance denial of leave to amend. Plaintiffs will have leave to amend all causes of action. See Fed. R. Civ. P. 15(a)(2).

Defendant Cannon moves to dismiss the second, third, and sixth causes of action on grounds that might indicate futility of amendment. (*See Def.'s Mot.* [Doc. 6-1] 9:18–11:7 (arguing that "damages under RESPA can only be sought from lenders involved in the origination of the subject loan"); 11:8–12:19 (contending that "California Civil Code § 2932.5 only applies to foreclosure sales pursuant to power of sale provisions in

---

[1] This appears to conflict with paragraph two of the Complaint, which would seem to limit "servicers" to "Countrywide Bank and/or its predecessor banks[.]" (*Compl.* [Doc. 1] ¶ 3.)

5

mortgages . . . and has no application to foreclosures sales under deeds of trust."): 15:12–26 (arguing that the sixth cause of action is time-barred). The Court does not reach these issues, as it is unclear whether Plaintiffs even attempt to assert these causes of action against Cannon. To the extent they do, the causes of action are dismissed for failure to meet the applicable pleading standard.

## IV. CONCLUSION & ORDER

Defendant's motion to dismiss [Doc. 6] is **GRANTED.**

Plaintiffs will have leave to amend pursuant to the terms of this order. See Fed. R. Civ. P. 15(a)(2). They must file an amended complaint, if any, by **Monday, May 8, 2017**.

**IT IS SO ORDERED.**

Dated: April 24, 2017

Hon. Thomas J. Whelan
United States District Judge