# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIE DUENAS, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE HOLDINGS, INC., et al.,<br><br>  Defendants. | Case No.: 16-CV-2824 W (RBB)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR DISMISSAL WITH PREJUDICE AS TO DEFENDANT ANTOINE CANNON [DOC. 8]** |

Pending before the Court is an ex parte application filed by Defendant Antoine Cannon seeking the entry of an order of dismissal of the case against him with prejudice. (*Ex Parte Application* [Doc. 8].) Despite the lapsing of two weeks since the filing of the ex parte application, Plaintiffs have not filed an opposition, nor have they requested additional time to do so.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.' " Omstead v. Dell, Inc., 594

1

F.3d 1081, 1084 (9th Cir. 2010) (Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Court should consider the following factors:

> **(1) the public's interest in expeditious resolution of litigation;**
> **(2) the court's need to manage its docket;**
> **(3) the risk of prejudice to the defendants;**
> **(4) the public policy favoring disposition of cases on their merits[;] and**
> **(5) the availability of less drastic sanctions.**

Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (formatting altered from original).

On January 11, 2017, Defendant Cannon filed a motion to dismiss. (*Def.'s Mot. to Dismiss* [Doc. 6].) Despite the lapsing of the February 20, 2017 hearing date, Plaintiff did not oppose that motion. The Court granted the motion on April 24, 2017, dismissing the Complaint as to Defendant Cannon. (*April 24, 2017 Order* [Doc. 7].) The Court set a deadline of Monday, May 8, 2017 for Plaintiffs to file an amended complaint. (*Id.*) To date, Plaintiff have not filed an amended complaint—nor have they requested additional time in which to do so. They have simply ceased to prosecute this matter as to Defendant Cannon. This is an unreasonable delay. See Omstead, 594 F.3d at 1084.

Four of the five Henderson factors favor a dismissal of Defendant Cannon from this action with prejudice. See 779 F.2d at 1423.

The risk of prejudice to Cannon, the public's interest in expeditious resolution of litigation, and the Court's need to manage its docket all favor dismissal with prejudice. As noted, Cannon filed his motion to dismiss in January of this year, with a hearing date in February. Plaintiffs did not oppose. They then allowed the Court's deadline to amend the complaint to lapse. When Cannon filed an ex parte application seeking dismissal with prejudice, Plaintiffs did not respond to that either. It is now mid-June. Evidence indicates that repeated attempts on the part of Defendant Cannon's attorney to contact Plaintiff's counsel—by email, fax, and phone—have yielded no response. (*See Salas Decl.* [Doc. 8-3].) Forcing Cannon to remain a defendant in a lawsuit with Plaintiffs who will not respond or participate would prejudice his interests. And it would be neither just

nor efficient for members of the public to have to wait to have their motions heard while Plaintiffs repeatedly miss deadlines and decline to prosecute the case.

Moreover, there would appear to be no less-drastic alternative available. As the Complaint has already been dismissed with leave to amend as to Defendant Cannon upon Plaintiffs' February failure to respond (*See April 24, 2017 Order* [Doc. 7]), there are no claims left pending against him. A dismissal with prejudice pursuant to Rule 41(b) is the only avenue left available. Though public policy favors disposition of cases on their merits, that policy is difficult to implement when the plaintiff declines to participate in litigation.

The Court **GRANTS** Defendant's ex parte application. [Doc. 8.]

Defendant Cannon is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: June 21, 2017

Hon. Thomas J. Whelan
United States District Judge